IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELIJAH R. WILLIAMS** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| v. | : | **NO. 25-CV-1062** |
| | : | |
| **BONITA MARTIN**, *et al.*, | : | |
| *Defendants* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J.                                                                                       MARCH 25, 2025

Elijah R. Williams has filed a civil rights action against some parties he has previously sued. In various iterations of previous pleadings in *Williams v. Caso*, No. 23-3945 (E.D. Pa.) ("the *Caso* case"), he named as defendants Bonita Martin, Esther Suarez, Kent Thornton, an Unknown Montgomery County Supervisor, an Unknown Montgomery County Detective, an Unknown Hudson County Detective, an Unknown Hudson County Detective Supervisor/Prosecutor, an Unknown New Jersey Detective, an Unknown New Jersey Prosecutor, and an Unknown Pennsylvania Prosecutor. In this new case, he again names as defendants Martin, Suarez, Thornton, Unknown Jersey Detectives, and Unknown Hudson County Prosecutors, as well as previously unnamed Defendants the Hudson County Prosecutors Office ("HCPO"), the State of New Jersey, the Jersey City Police Department ("JCPD") and the City of Jersey City. Williams also seeks leave to proceed *in forma pauperis*. For the reasons set forth, the Court will grant him leave to proceed *in forma pauperis* and dismiss the Complaint.

**I.      FACTUAL ALLEGATIONS**[1]

---

[1] The factual allegations set forth in this Memorandum are gleaned from Williams's Complaint (ECF No. 1). Unless otherwise cited, the Court adopts the sequential pagination assigned by the CM/ECF docketing system. The Court may consider matters of public record when conducting a screening under § 1915 including prior court proceedings. *Castro-Mota v. Smithson*, No. 20-940, 2020 WL 3104775, at *1 (E.D. Pa. June 11, 2020) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006));

Williams alleges that Defendant Martin caused an overbroad affidavit in support of a search warrant for Williams' electronic communications to be submitted. (Compl. at 2.) He claims the affidavit failed to include a specific time frame, thereby granting investigators unrestricted access to his electronic data. (*Id*.) He alleges that Martin was the official who submitted an overbroad warrant that lead to the recent overturning of a murder conviction in an unrelated case by a New Jersey court because the warrant was defective. (*Id*.) (citing *State v. Summers*, No. A-1578-22 (N.J. App. Div.). In his own case, he asserts that Martin directed Anthony Caso, a Pennsylvania detective, to submit a warrant application containing an overbroad affidavit, showing a pattern of submitting improper warrant applications. (*Id*.) He alleges that the HCPO, State of New Jersey, the JCPD, and City of Jersey City are all liable under the doctrine of *respondeat superior* for the conduct of Martin and other Defendants based on a theory of failure to train and supervise. (*Id*.) Martin and Thornton allegedly disclosed Williams' personal information obtained from cell phone records to an unnamed resident of Jersey City, violating his privacy and creating a "state created danger" by making him appear guilty of a crime. (*Id*.) They also spoke to another individual and asked about Williams' involvement in a homicide in Camden, New Jersey, solely to create the impression that he was guilty. (*Id*.) As a result of their negligence, Williams was forced to flee New Jersey for his safety. (*Id*.)

Without specifying who, he claims that "Defendants" searched his phones without a warrant, but also alleges that a warrant was issued by a judge that authorized the seizure of the phones, apparently attempting to make a distinction between a "search" and a "seizure" and

---

*Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988) (holding that court may take judicial notice of the record from previous court proceedings).

asserting that a separate warrant was required to do the search once the phones had been seized.[2] (*Id.*) He also alleges the warrant was defective because "Detectives took statement[s] from informants without establishing their basis of knowledge, and the information included in the affidavit was stale." (*Id.*) The Defendants also intentionally failed to include exculpatory information in the warrant application that a witness described a suspect taller than Williams. (*Id.*) Finally, he alleges that the warrant explicitly authorized the seizure of Apple phones, but the phones seized from him were Samsung Galaxy phones, "an act that exceeded the warrant's scope." (*Id.*)

Williams asserts claims for violation of the New Jersey Constitution, the New Jersey Civil Rights Act for unlawful search and seizure, the New Jersey Tort Claims Act for negligence in training and supervision, *respondeat superior*, violation of his right to privacy through unlawful disclosure of his personal information, and a state created danger claim based on misleading others to belief he was guilty of crimes. (*Id.* at 3.) He seeks a declaration that his rights were violated and money damages.[3] (*Id.*)

The Court takes judicial notice that in the *Caso* case Williams alleged the same core of facts involving Martin, Thornton, Suarez, and numerous unknown actors. He is pursuing

---

[2] The Court takes judicial notice that the warrant involved in the case, which Williams attached to his Second Amended Complaint in the *Caso* case, indicates that the warrant issued by the local magistrate permitted officials to both seize and search his property. (*Id.*, ECF No. 44-1 at 2 ("I do authorize you to search the premises or person described, and seize, secure, inventory and make return according to the Pennsylvania Rules of Criminal Procedure.")

[3] Declaratory relief is unavailable to adjudicate past conduct, so Williams's request for a declaration that his rights were violated is improper and will be dismissed. *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another."); *see also Andela v. Admin. Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) (*per curiam*) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct.").

constitutional claims in that case based on an alleged violation of his Fourth Amendment rights arising from the same search warrant application at issue in this case.

## II.     STANDARD OF REVIEW

The Court grants leave Williams to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Accordingly, § 1915(e)(2)(B)(ii) requires the court to dismiss a complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of a *pro se* complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)).  However, unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*

### III.     DISCUSSION

####     A.     Duplicative Claims

The same allegations asserted in this case against Martin, Thornton, Suarez, the Unknown Jersey Detectives, and the Unknown Hudson County Prosecutors form the basis of Williams's claims in the *Caso* case where he also named Martin, Thornton, Suarez, an Unknown Hudson County Detective, an Unknown Hudson County Detective Supervisor/Prosecutor, an Unknown New Jersey Detective, and an Unknown New Jersey Prosecutor among others. Those claims are either proceeding or have been dismissed during the course of that litigation. Under the Court's inherent power, and because pursuing duplicative claims poses significant case management and finality issues, his claims that are proceeding or have already been adjudicated in the *Caso* case will be dismissed from this case so that he may proceed them in the *Caso* case. *See Washington v. Gilmore*, 825 F. App'x 58, 60 (3d Cir. 2020) (noting dismissal of complaints as duplicative of other federal litigation "is best understood as an exercise of the Court's inherent power"); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (stating that a district court, "[a]s part of its general power to administer its docket . . . may stay or dismiss a suit that is duplicative of another federal court suit."); *see also In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir.1982) ("We will not interfere with a trial court's control of its docket except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant." (quotation marks omitted)).

####     B.     Claims Against the State of New Jersey

Williams asserts new claims against the State of New Jersey and seeks money damages. States are not considered "persons" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Furthermore, the Eleventh Amendment bars suits against a state and

5

its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). "New Jersey has neither consented to suit nor has it waived its Eleventh Amendment immunity." *Thorpe v. New Jersey*, 246 F. App'x 86, 87 (3d Cir. 2007). Accordingly, the claims for money damages Williams seeks to assert against the State of New Jersey are dismissed with prejudice.

      **C.**     **JCPD, the City of Jersey City, and the HCPO**

Finally, Williams asserts new claims against the JCPD, the City of Jersey City, and the HCPO. The claims against the JCPD will be dismissed because following the decision in *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978), courts have concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See e.g. Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.*; *Graham v. Jersey City Police Dep't*, No. 11-7326, 2014 WL 7177362, at *4 (D.N.J. Dec. 16, 2014) (stating that the Jersey City Police Department is not subject to suit under § 1983); *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality).

The HCPO is also not a party subject to suit under § 1983 and will be dismissed since the United States Court of Appeals for the Third Circuit has held that a prosecutor's office in New Jersey is not a separate entity from the county that can be sued under § 1983. *See Briggs v. Moore*, 251 F. App'x 77, 79 (3d Cir. 2007) (*per curiam*) ("[T]he Monmouth County Prosecutor's Office is not a separate entity that can be sued under § 1983."). Therefore, the JCPD and the HCPO will

be dismissed with prejudice because they are not proper defendants in this case under Section 1983.

Williams also asserts a claim against Jersey City alleging that it "is a municipal entity responsible for oversight of its police department and other agencies" and seeks to hold it liable on a *respondeat superior* theory. (Compl. at 2.)  There are several problems with this claim.  First, Williams does not allege with specificity that any Defendant is an employee of Jersey City, its police department or other city agency.  Rather, he alleges that Martin, Thornton, and Suarez are employees of the HCPO, and other unknown Defendants are "Unknown Jersey Detectives," and "Unknown Hudson County Prosecutors."  (*Id*. at 1.)  Second, even if he meant for "Unknown Jersey Detectives" to identify a Jersey City employee rather than a HCPO employee, he does not allege how that employee of Jersey City violated his rights.  Third, while local governments can be liable as "persons" under § 1983, this liability extends only to "their *own* illegal acts" and does not encompass *respondeat superior* liability.[4]  *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (emphasis in original) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)); *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 665-83 (1978).  This limitation is based on the well-established principle that municipalities "are not vicariously liable under § 1983 for their employees' actions."  *Connick*, 563 U.S. at 60; *Monell*, 436 U.S. at 691 ("[A] municipality cannot be held liable *solely* because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory.") (emphasis in original).

Rather, to state a § 1983 claim against a municipality, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights.  *See Monell*, 436 U.S. at 694.  "The 'official policy' requirement was intended to distinguish acts of the *municipality*

---

[4]    The same rationale applies to Hudson County to the extent it is substituted for the HCPO as a municipal entity for asserting *respondeat superior* liability.

from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (emphasis in original); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Because there is no *respondeat superior* for municipal liability under § 1983, the claims against the City of Jersey City are also dismissed.[5] Given these myriad deficiencies, the dismissal will be with prejudice since amendment would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (holding that district courts should dismiss complaints under the PLRA with leave to amend "unless amendment would be inequitable or futile").

## IV.  CONCLUSION

For the reasons set forth, all claims asserted against Defendants Bonita Martin, Kent Thornton, Esther Suarez, the Unknown Jersey Detectives and Unknown Hudson County Prosecutors are dismissed without prejudice so that Williams may pursue those claims in the *Caso*

---

[5] Any actual claim under *Monell* is also not plausible. To the extent he intended to do so, Williams's conclusory allegation that Hudson County – as a substitute for the HCPO – and the City of Jersey City – presumably due to the acts of the "Unknown Jersey Detectives" – are liable based on a failure to train and supervise theory, this fails to allege a plausible *Monell* claim. *Iqbal*, 556 U.S. at 678 (conclusory allegations do not suffice). To state a plausible *Monell* claim a plaintiff "must identify [the] custom or policy and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). It is not enough to allege simply that a policy or custom existed. "A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries." *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)). Williams's bald statement that there was a failure to train and supervise is insufficient, particularly where he has failed to allege any plausible violation of his rights by a Jersey City employee, *see Gayemen v. Sch. Dist. of City of Allentown*, No. 14-1518, 2016 WL 3014896, *12 (E.D. Pa. May 26, 2016) (holding that a plaintiff asserting a *Monell* claim must plead an underlying constitutional violation by the municipal employee), and an official capacity/*Monell* claim against Hudson County as a substitute for the HCPO has already been adjudicated in the *Caso* case.

9

case. All claims asserted against the State of New Jersey, the HCPO, the Jersey City Police Department, and the City of Jersey City are dismissed with prejudice. An appropriate Order will be entered.

*NITZA I. QUIÑONES ALEJANDRO, J*